# Yahn v. Merritt, Judge, &c.

### Application for Mandamus.

1. *Act in reference to the sale of liquors in Geneva county; unconstitutional.*—The act approved February 6, 1897, entitled "An act to provide for and regulate the sale of liquors and other intoxicating drinks in Geneva county, Alabama," (Acts of 1896–97, p. 599), which in its first section declares that "It shall be unlawful for any person or persons to sell, barter, exchange, give away, deliver, or otherwise dispose of any spirituous, vinous or malt liquors · * * * * in Geneva county," &c., is obnoxious to section 2 of Article IV of the Constitution, providing that each law shall contain but one subject, which shall be clearly expressed in its title, and such statute is, therefore, null and void.

APPEAL from the Circuit Court of Geneva.
Tried before the Hon. J. W. FOSTER.

The facts of the case are sufficiently stated in the opinion.

W. O. MULKEY, for appellant.

No counsel marked as appearing for appellee.

COLEMAN, J.—The requisite number of qualified citizens of beat five of Geneva county made application under the provisions of an act approved December 8th, 1890 (Acts, 1890–91, p. 53), to the probate judge of said county to forthwith order an election to determine whether alcoholic, vinous or malt liquors shall be sold

in said beat. The application was refused, and petitioners applied to the circuit court judge of the judicial circuit for a writ of *mandamus* to the probate judge. Upon the hearing, the writ of *mandamus* was denied, and this action of refusal of the writ is brought to this court by appeal.

It appears from the return of the probate judge that he based his refusal to order the election solely upon the provisions of an act approved February 6th, 1897, (Acts, 1896–97, p. 599). The question for consideration is, whether the provisions of the latter act repeals the former, and if so, whether it is constitutional. The title of the latter act is as follows : "An act to provide for and regulate the sale of liquors and other intoxicating drinks in Geneva county, Alabama." The first section of the act reads as follows : "From and after the passage of this act it shall be unlawful for any person or persons to sell, barter, exchange, give away, deliver or otherwise dispose of any spirituous, vinous or malt liquors or intoxicating bitters, or any other intoxicating drinks in Geneva county, except in incorporated towns that are under police regulations which are of force and effect."

It will be seen that the act not only prohibits the sale of spirituous, vinous and malt liquors, except in incorporated towns, but also the "giving away or otherwise disposing of such liquors."—*Williams v. The State*, 91 Ala. 14. We regard the question as one already settled by several adjudications of this court. See the following authorities : *Morgan v. The State*, 81 Ala. 72 ; *Miller v. Jones*, 80 Ala. 89.

Other objections to the latter act might be referred to, but we deem it unnecessary.

The act of 1896–97, *supra*, is obnoxious to section 2, article IV of the Constitution, and therefore null and void, and the judge of the probate court erred in refusing to order an election upon the ground that the latter act repealed the former.

A judgment will be here rendered awarding the writ of *mandamus* to the judge of the probate court as prayed for in the petition.

Reversed and rendered.