STATE ex rel. M. COOK v. WILLIAM J. BATES.[1]

June 7, 1907.

Nos. 15,298—(210).

**Municipal Ordinance—Auctioneers.**

> The charter of the city of Duluth gives to the common council of the city power to license and regulate auctioneers, and to regulate the time, place, and manner of holding public auctions or vendues. In the exercise of this power the city council enacted an ordinance providing for the licensing of auctioneers, and, further, that such license should not authorize the licensee thereunder to conduct any auction sale of jewelry or watches. *Held*, that the ordinance is valid.

Appeal by relator from an order of the district court for St. Louis county, Cant, J., discharging a writ of habeas corpus and remanding relator to the custody of respondent as sheriff. Affirmed.

*Baldwin, Baldwin & Dancer,* for appellant.

*T. J. McKeon,* for respondent.

START, C. J.

On April 6, 1907, the relator was convicted in the municipal court of the city of Duluth of the offense of violating an ordinance relating to auctioneers, and adjudged to pay a fine of $25, and in default of payment thereof he was committed to the jail of the county of St. Louis. He was then brought before the district court of that county upon a writ of habeas corpus issued on his petition. The district court, after inquiring into the cause of his detention, made its order discharging the writ and remanding him to the custody of the respondent as sheriff. He appealed from the order.

If the ordinance under which he was convicted is valid, the order discharging the writ was right. The ordinance provides for the issuing of licenses upon the terms and conditions therein stated to auctioneers, and makes it unlawful for any person to sell property at auction within the city without first obtaining a license therefor from the common council, and further provides that such license shall not authorize the

[1] Reported in 112 N. W. 67.

licensee thereunder to conduct any auction sale of jewelry or watches. The ordinance also provides a penalty for any violation of its terms or conditions. The relator was a licensed auctioneer under and by virtue of this ordinance, and was convicted of violating the condition or limitation thereof relating to auction sales of jewelry or watches. Counsel for the relator insists that the ordinance "is invalid, first, because there is no express or implied power in the city council of Duluth to prohibit the selling of jewelry and watches at auction; second, because this business is not unlawful or dangerous to society in itself; third, because it is discriminatory, as between particular kinds of the same class of business."

The city council of the city of Duluth has power by ordinance to license and regulate auction sales, and to license and regulate auctioneers, and to compel them to keep such records of their transactions as it may direct, and to regulate the time, place, and manner of holding public auction. Duluth Charter, § 64, subsecs. 27, 29. This power was granted to the city council for police purposes, and to authorize it by means of the license to regulate the business of auctioneers, so as to promote order and to protect buyers from imposition and fraud, but not to prohibit the business.

The question, then, is whether the ordinance is a reasonable regulation of auction sales, or an arbitrary prohibition of a material part of the business of an auctioneer, and therefore unreasonable and void. The regulation and policing of a business include reasonable and necessary limitations and restraints upon the business. Now, auction sales of watches and jewelry are often mere schemes for trapping and defrauding the unwary, and a large discretion must be allowed to the city council in determining what restraints or prohibitions it is necessary to impose upon the general business of a licensed auctioneer to effectually regulate and police the business. If there be any fair doubt on the question of the reasonableness of the ordinance, it must be resolved in favor of its validity; for the courts will not substitute their discretion for that of the municipal authorities. In re Wilson, 32 Minn. 145, 146, 19 N. W. 723. We are of the opinion that the restrictions and prohibitions of the ordinance in question are not unreasonable, and hold that its enactment by the city council was authorized by the charter of the city.

·The claim that the ordinance is invalid, because it is "discriminatory as against a certain business within a certain class," cannot be sustained. True it is that the ordinance, as a means of policing and regulating the general business of an auctioneer, prohibits the conducting of auction sales of jewelry and watches; but such special sales are liable to be attended with great abuses, and to result in cheating and defrauding the unsophisticated, which is not the case with the general business of an auctioneer. The ordinance applies equally to all auction sales within the city, and it is not discriminatory, and we hold it valid.

Order affirmed.