[Levi v. City of Anniston.]

# Levi *v.* City of Anniston.

## *Violating Municipal Ordinance.*

(Decided April 9, 1908.   46 South. 237.)

1. *Municipal Corporations; Ordinances; Validity; Discrimination.*—An ordinance which provides that no person shall sell junk or certain other second-hand goods or articles therein named without a certificate from the chief of police authorizing the sale and stating certain other matter of description; and that no person shall receive or buy such junk or goods without such certificate, except persons or corporations engaged in the manufacture of brass goods, pig iron, cast iron pipe, belting and mining or other cars, is not void as discriminating between those who may buy.

2. *Same; Violation; Prosecution; Evidence.*—Where section 1 of the ordinance forbids persons to sell or offer to sell certain goods without a certain certificate from the chief of police; and section 2 forbids the buying of such goods from one not having such certificate, it is not necessary to a conviction for a violation of such ordinance to prove that defendant had been guilty of violating both of said sections 1 and 2.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN JR.

Walter Levi was convicted of dealing in junk, contrary to an ordinance of the City of Anniston, and appeals. Affirmed.

Walter Levi was prosecuted for violation of ordinance No. 367 of the city of Anniston, and on appeal to the city court he was again convicted. Ordinance No. 367 is as follows:

"An ordinance requiring all parties selling articles known as junk to obtain a certificate from the chief of police before offering the same for sale, and prohibiting junk dealers from purchasing any such articles from any person not having such certificate, and providing penalties for any violation of this ordinance."

"Section 1. Be it ordained by the city council of Anniston, as follows: No person shall sell or offer to sell any junk or secondhand goods or articles of the following description, to wit Any brass goods, tools, belting, mining cars, scraps iron, scrap brass, scrap copper, pigiron, or cast iron pipe, without then and there having first obtained from the chief of police in the city of Anniston a certificate stating the amount, the description, and the name of the seller of the goods offered for sale, and authorizing the sale of the goods: Provided that this ordinance shall not apply to persons or corporations engaged in the manufacturing of brass goods, pig iron, cast iron pipe, belting, and mining cars or other cars.

"Sec. 2 Be it further ordained that it shall be unlawful for any dealer in junk or secondhand goods to purchase any of said articles from any one not having a certificate to sell the same as provided in section 1 of this ordinance.

"Sec. 3. Be it further ordained that it shall be the duty of the chief of police to give to any owner or his authorized agent offering said goods for sale a certificate showing the amount, the description, and the name of the seller of said goods, duplicate of which shall be retained by the chief of police. It shall be the duty of the party offering said goods for sale to furnish the chief of police with a description and amount of the same.

"Sec. 4. Be it further ordained that any person violating the provisions of sections 1 and 2 of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be fined the sum of not less than one nor more than one hundred dollars, and may be imprisoned in the city jail or sentenced to hard labor on the street for a term not exceeding three months."

The defendant interposed the plea of not guilty, and three pleas attacking the constitutionality of the ordi-

[Levi v. City of Anniston.]

nance: (1) In that it denies to this defendant as a citizen the equal protection of the law; (2) its provisions are unreasonable and oppressive; and (3) that it is in effect an unreasonable restraint of trade.

LAPSLEY . & ARNOLD, for appellant. The ordinance is void in that it denied to appellant the equal protection of the law by making a particular act criminal when done by one person and not when done by others.— *Togman v. Chicago,* 78 Ill. 405; *May v. The People,* 27 Pac. 1010; McQuillan's Munic. Ord. secs. 182-4 and 193. To authorize a conviction, the defendant must have been guilty of violating both sections 1 and 2 of said ordinance, since the only penalty provided is for a violation of sections 1 and 2 and not 1 or 2.—*Lane v. Cobb,* 92 Ala. 665; 2 A. & E. Ency of Law, 337; *City Council of Montgomery v. Kelly,* 142 Ala, 552.

BLACKWELL and AGEE, for appellee. The ordinance is valid and the defendant was properly convicted.— *People v. Sweetzer,* 1 Dak. 308; Endlich Int. St. secs. 303-4.

TYSON, C. J.—The appellant, a dealer in junk, was convicted for violating an ordinance of the city of Anniston regulating the selling and purchasing of junk or secondhand goods or articles of a certain character described in the ordinance. He is charged with having purchased one of the articles named in the ordinance from a person who had not complied with its requirement as to having a certificate from the chief of police of that city. Under the ordinance, every person who sells or offers for sale any junk or secondhand goods or articles of a designated description, except persons or corporations engaged in the manufacture of brass goods, pig iron, cast

iron pipe, belting, and mining cars or other cars, is required to obtain from the ·chief of police of said city a certificate stating the amount, the description, and name of the seller of the goods offered for sale, and authorizing the sale of said goods; and every dealer in junk or secondhand goods is inhibited . from purchasing any of said articles from any one ·not having the required certificate of the chief of police. The competency of legislative authority on the part of the city to pass the ordinance, or the fact that it was regularly ordained by the municipality, is not questioned. The objection urged against its validity is that it is discriminatory, and therefore void.

This objection seems to be based upon the fact that certain named manufacturers are exempted from the operation of the ordinance. It is undoubtedly the law that ordinances must be fair, impartial, and uniform in their operation, and that an ordinance cannot make a particular act penal when done by one person and impose no penalty for the same act done under like circumstances by another. But laws relating to persons and things as a class, and not to person or things of a class, are common, and usually upheld. The law will be held valid if it operates equally upon all subjects within the class for which the rule is applied. As said by the Supreme Court of the United States in *Soon Hing v. Crowley,* 113 U. S. 708, 709, 5 Sup. Ct. 730, 28 L. Ed. 1145. "The specific regulation of one kind of business, which may be necessary for the protection of the public, can. never be a just ground of complaint because like restrictions are not imposed upon other business of a different kind. The discriminations which are open to objection are those where persons engaged in the same business are subject to different restrictions, or are held entitled to different privileges under the same conditions. It is

only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the laws." See, also, McQuillin on Municipal Ordinances, § 193. It is scarcely necessary to say that the business of a junk dealer and that of a manufacturer of the articles named in the ordinance are not of, and do not belong to, the same class of business or trade, are entirely different, and therefore they are not circumstanced alike with respect to the matter sought to be regulated by the ordinance. The manifest purpose of the ordinance is so clear as to need no comment. It is clear to us, under the principles announced, that the ordinance is valid as a police regulation.

The remaining point urged against the correctness of the judgment of conviction is that the fourth section of the ordinance, which prescribes the penalty, requires that it should have been shown on the trial (which was not done) that defendant violated both section 1 and section 2 of the ordinance. In other words, the contention, in its last analysis, leads to the proposition that it was necessary to prove upon the trial that the defendant sold to himself the junk and bought from himself the same junk, without first obtaining as seller the requisite certificate. This would amount to a legal impossibility, and such construction, if adopted, would practically nullify the ordinance, which cannot be done by construction without violating cardinal principles governing construction of statutes. See, on this point, the following cases: *People v. Sweetser,* 1 Dak. 308, 46 N. W. 452; *State v. Myers,* 10 Iowa, 448; *State v. Smith,* 46 Iowa, 670; *Miller v. State,* 3 Ohio St. 476; *Streeter v. State,* 69 Ill. 595; *Porter v. State,* 58 Ala. 66.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.