### CLEIN & ELLMAN *v.* CITY OF ATLANTA.

HILL, J. The ordinance set out in the statement of facts is not void for the reasons assigned, that it is an unlawful exercise of the police power and "an undue and unwarranted and unjustifiable regulation of and interference with the business of petitioners." Nor is the classification

unfair and unreasonable as alleged. *Shurman* v. *Atlanta,* 148 *Ga.* 4 (7), 13 (95 S. E. 698). The judge did not err in refusing the temporary injunction. *Judgment affirmed. All the Justices concur.*

No. 4365. OCTOBER 16, 1924.

Petition for injunction. Before Judge E. D. Thomas. Fulton superior court. March 29, 1924.

Clein & Ellman, alleging themselves to be engaged in the business of jewelers and auctioneers in the City of Atlanta, brought a petition to enjoin the enforcement of a municipal ordinance of that city, which had for its purpose the regulation of the sale of jewelry and like articles at auction, on the ground that the enforcement of the ordinance would have the effect of practically confiscating their trade and forcing them out of business, etc. The ordinance in question is as follows:

"Section 1. No person, firm, or corporation shall offer for sale, or sell, at public auction, any diamonds, or other precious or semi-precious stones, or imitations thereof, watches, clocks, jewelry, or glassware, unless there is securely attached to each of such articles, a tag or label upon which shall be plainly written or printed, in English, a true and correct statement of the kind and quality of the metal of which such article is made or composed, and the percentage or karat of purity of such metal; and in case such articles are plated or overlaid, then such tag or label shall contain a true statement of the kind of plate and the percentage of purity of such plating and the kind of material or metal covered; and when precious or semi-precious stones are offered for sale or sold, such written statement shall set forth the true name, weight, quality, and fineness of said stones, and imitations shall be described as such; and when watches and clocks are sold, the true names of the manufacturers shall be stated in writing, and no parts of the movements or mechanism thereof shall be substituted or contain false and misleading names or trade-marks; neither shall second-hand or old movements be offered for sale in new cases, without a true statement to that effect.

"Section 2. Such tag or label shall remain securely attached to any articles or merchandise, shall be delivered to the purchaser as a true and correct description and representation of the articles sold, and shall be deemed prima facie evidence of intent to defraud, in case said written statement is not a true and correct description and representation of such articles sold.

"Section 3.  It shall be unlawful for any person to act or to employ another to act as a bybidder, or what is commonly known as a 'capper' or 'booster,' at any such auction sale; or to make or accept any false or misleading bid, or to pretend to buy  or sell any such aforesaid articles sold or offered for sale at any such auction.

"Section 4.  Each infraction of any of the aforesaid provisions shall be deemed and held to be a separate and distinct offense.

"Section 5.  Any person, firm, or corporation violating the provisions of the foregoing sections shall, upon conviction thereof in the recorder's court, be punished by a fine of not less than $50.00 or more than $200.00, or sentenced to work on the public works not exceeding 30 days, either or both punishments to be inflicted in the discretion of the recorder.

"Section 6.  The provisions of this ordinance shall not extend to judicial sales, sales under executions, or to executors' or administrators' sales.

"Section 7.  This ordinance does not repeal the existing ordinances with reference to auction sales of jewelry, etc., except in so far as such prior ordinance may be in conflict with this ordinance."

On the interlocutory hearing the trial judge refused an injunction, and the plaintiffs excepted.

*Key, McClelland & McClelland,* for plaintiffs.

*J. L. Mayson* and *J. M. Wood,* for defendant.