(107 So. 86)

**DAVIDSON v. PHELPS, Sheriff, et al.**
(3 Div. 736.)

(Supreme Court of Alabama. Jan. 21, 1926.)

1. Injunction ⟨key⟩105(1)—Injunctive relief restraining criminal prosecution granted, where prosecution will destroy or impair property rights.

Though equity will not exert its powers to enjoin criminal or quasi criminal prosecution, it will interfere by injunctive relief where such prosecution will destroy or impair property rights, including right to sell property at public auction.

2. Statutes ⟨key⟩114(1)—Title to act stating it to be a regulation of public auctions of jewelry held not to fail to express its subject, where act was regulatory.

Acts 1923, p. 691, entitled, "An act to regulate the sale at public auction of gold, etc., * * *" is not prohibitory to extent that its subject is not expressed in its title as required by Const. 1901, § 45, since regulation necessarily includes some power to prohibit or restrict.

3. Auctions and auctioneers ⟨key⟩2—Constitutional law ⟨key⟩240(1)—Act regulating public auctions of jewelry held not void as discriminatory.

Acts 1923, p. 691, regulating public auctions of jewelry, is not void as an arbitrary discrimination against persons engaged in jewelry business.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Constitutional law ⊜81 — Legislature has wide discretion in exercising police power.**

In exercise of police power, Legislature has a wide discretion.

**5. Statutes ⊜283(1)—House and Senate journals need not show bill to have 'been read three times; members are presumed to have known that this was done.**

It is not necessary to validity of law that Journals of House and Senate disclose that bill was read three times, as required by Const. 1901, § 63, and if Journals do not so show, the members are presumed to have known that this was done.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill for injunction by Jesse Davidson, doing business as the Davidson Jewelry Company, against Robert C. Phelps, as Sheriff of Montgomery County, and Walter K. McAdory, as Chief Law Enforcement Officer of Alabama. From a decree dissolving a temporary writ complainant appeals. Affirmed.

Ludlow Elmore and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellant.

Injunction was the proper remedy to protect complainant's property rights. Harris v. Barrett, 206 Ala. 265, 89 So. 717; Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575; Giglio v. Barrett, 207 Ala. 281, 92 So. 668; Weed v. Lockwood (C. C. A.) 266 F. 785; 32 C. J. 282. Acts 1923. p. 691, is in violation of sections 45, 63, and 64 of the Constitution. Miller v. Jones, 80 Ala. 89; Morgan v. State, 81 Ala. 72, 1 So. 472; Yahn v. Merritt, 117 Ala. 485, 23 So. 71; Ex parte Cowert, 92 Ala. 94, 9 So. 225; State ex rel. v. Greene, 154 Ala. 259, 46 So. 268. It is invalid, as being discriminatory, and depriving of property without due process. State v. Wright, 53 Or. 344, 100 P. 296, 21 L. R. A. (N. S.) 349; Smith v. Texas, 233 U. S. 630, 34 S. Ct. 681, 58 L. Ed. 1129, L. R. A. 1915D, 677, Ann. Cas. 1915D, 420; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839; 12 C. J. 1212; State ex rel. v. State Board, 209 Ala. 9, 95 So. 295; People v. Gibbs, 186 Mich. 127, 152 N. W. 1053, Ann. Cas. 1917B, 830; City Council v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43.

T. B. Hill, Jr., L. A. Sanderson, and Rushton, Crenshaw & Rushton, all of Montgomery, and London, Yancey & Brower, of Birmingham, for appellees.

A court of equity will not enjoin the enforcement of a criminal law. Brown v. Birmingham, 140 Ala. 590, 37 So. 173; Giglio v. Barrett, 207 Ala. 278, 92 So. 668. The act is a valid regularity measure. Gundling v. Chicago, 177 U. S. 183, 20 S. Ct. 633, 44 L. Ed. 725; Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 31 S. Ct. 337, 55 L. Ed. 369,

Ann. Cas. 1912C, 160; Southern Ex. Co. v. Whittle, 194 Ala. 406, 69 So. 652, L. R. A. 1916C, 278; State v. Goldstein, 207 Ala. 579, 93 So. 308; Ex parte Byrd, 84 Ala. 17, 4 So. 397, 5 Am. St. Rep. 328; Steiner v. Ray, 84 Ala. 93, 4 So. 172, 5 Am. St. Rep. 332; Mangan v. State, 76 Ala. 60; Levi v. Anniston, 155 Ala. 150, 46 So. 237; 12 C. J. 920; Wester v. State, 147 Ala. 121, 41 So. 969; City of Roanoke v. Fisher, 137 Va. 75, 119 S. E. 259; State v. Bates, 101 Minn. 301, 112 N. W. 67; City of Buffalo v. Marion, 13 Misc. Rep. 639, 34 N. Y. S. 945; Mogul v. Gaither, 142 Md. 380, 121 A. 32; Clein v. Atlanta, 159 Ga. 121, 124 S. E. 882. The Act does not offend section 45 of the Constitution. Ex parte Byrd, 84 Ala. 17, 4 So. 397, 5 Am. St. Rep. 328.

GARDNER, J. Complainant (appellant here), owning and operating a jewelry store in the city of Montgomery, and engaged in disposing of his jewelry stock by public auction sale, filed this bill for injunction, seeking to restrain the sheriff and the chief law enforcement officer of the state from interfering therewith by repeated arrests of complainant and his employees, said officers acting under authority of the act of October 1, 1923, entitled, "An act to regulate the sale at public auction of gold, silver, plated ware, precious stones, watches, clocks, jewelry, bric-a-brac, china, glassware, and to provide penalties for the violation thereof." Acts 1923, p. 691.

The bill attacks the validity of this act upon constitutional grounds as being an arbitrary discrimination against persons engaged in the jewelry business, unreasonable and void, and as depriving complainant of his property without due process of law, and, further, as being in violation of section 45 of the state Constitution, in that the title thereof does not clearly express the subject. Upon a hearing of the motion to dissolve the temporary injunction which had been issued, the court below concluded the above cited act was valid, and dissolved the injunction, from which decree complainant prosecutes this appeal.

[1] Appellee insists the bill is without equity upon the theory that:

"Equity will not exert its powers merely to enjoin criminal or quasi criminal prosecution, 'though the consequences to the complainant of allowing the prosecutions to proceed may be ever so grievous and irreparable.' Brown v. Birmingham, 140 Ala. 600, 37 So. 174."

This is the well-recognized general rule, to which, however, there is the equally well-recognized exception that equity will interfere by injunctive relief "where such prosecution will destroy or impair property rights." Board of Com'rs Mobile v. Orr, 181 Ala. 308,

61 So. 920, 45 L. R. A. (N. S.) 575; Giglio v. Barrett, 207 Ala. 278, 92 So. 668.

"The right of property in an article involves the power to sell and dispose of such article, as well as to use and enjoy it." Mangan v. State, 76 Ala. 60.

Without here detailing the averments of the bill as to the necessity of the sale at public auction in order to dispose of the stock of goods, and the consequential loss to complainant by an interference therewith, we state our conclusion that the bill sufficiently discloses a destruction or such impairment of property rights as to come within the exception to the general rule above stated. We are therefore brought by this conclusion to a consideration of the constitutional validity of the act.

[2] The objection that the title does not clearly express the subject rests upon the theory that the act itself in effect prohibits such public sale, while the title was only as to regulation thereof; and it is argued that the words "regulate" and "prohibit" have different meanings, citing Miller v. Jones, 80 Ala. 89; Morgan v. State, 81 Ala. 72, 1 So. 472; Yahn v. Merritt, 117 Ala. 485, 23 So. 71; State ex rel. Meyer v. Greene, 154 Ala. 249, 46 So. 268. We are of the opinion, however, that these authorities are without application to the act here in question. The act does not prohibit public sales entirely, but permits them when conducted in the manner therein stipulated. There are elements of prohibition or restriction inherent in regulation, as said by this court in Ex parte Byrd, 84 Ala. 17, 4 So. 397, 5 Am. St. Rep. 328:

"While the power 'to regulate' does not authorize prohibition in a general sense, * * * yet the weight of authority is to the effect, that this power confers the authority to confine the business referred to to certain hours of the day, to certain localities or buildings in a city, and to the manner of its prosecution within those hours, localities and buildings."

We are of the opinion the act is a regulatory one, and its subject is sufficiently expressed in its title.

[3] Upon the objection that the act is void as being an arbitrary discrimination, little need be said. The rules by which this contention must be tested are stated in Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 31 S. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160:

"The equal protection clause of the Fourteenth Amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can

be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

"The law will be held valid if it operates equally upon all subjects within the class for which the rule is applied." Levi v. City of Anniston, 155 Ala. 149, 46 So. 237.

The courts have taken judicial knowledge of the fact that in the sale of merchandise from a jewelry stock the public are more readily deceived and easy prey to fraud, and that the question as to the genuineness of such articles is more readily determined by the light of day than by artificial light; that auction sales of such merchandise are attended with greater risk to the public.

Laws of a similar character to that here under review have therefore been upheld as establishing a classification upon a reasonable basis, and as within the proper exercise by the state of its police power. Mogul v. Gaither, 142 Md. 380, 121 A. 32; City of Roanoke v. Fisher, 137 Va. 75, 119 S. E. 259; State ex rel. Cook v. Bates, 101 Minn. 301, 112 N. W. 67; City of Buffalo v. Marion, 13 Misc. Rep. 639, 34 N. Y. S. 945; Clein v. City of Atlanta, 159 Ga. 121, 124 S. E. 882; Shurman v. Atlanta, 148 Ga. 1, 95 S. E. 698. The ordinance held valid in the case of Mogul v. Gaither, supra, is practically the same in all material respects as the act here considered, and that authority is here directly in point.

In the case of City of Roanoke v. Fisher, supra, the Virginia Supreme Court has given the subject much discussion, and many apt authorities are cited and quoted. The opinion also differentiates the case of People v. Gibbs, 186 Mich. 127, 152 N. W. 1053, Ann. Cas. 1917B, 830, relied on by counsel for appellant here. We think, also, the case of State of Oregon v. Wright, 53 Or. 344, 100 P. 296, 21 L. R. A. (N. S.) 349, is also to be distinguished. But, whatever may be said as to these two latter cases, we are persuaded that the validity of this act is sustained by the weight of authority, as above indicated, and sustained also in principle by the following cases: Mangan v. State, 76 Ala. 60; Ex parte Byrd, supra; Levi v. Anniston, supra; Wester v. State, 147 Ala. 121, 41 So. 969.

[4] In the exercise of the police power of the state, there is left to the lawmaking power a wide latitude of discretion, and we are not persuaded the Legislature has overstepped the bounds in the enactment of this law. We conclude in favor of its validity.

[5] Though not set forth in the bill or discussed in oral argument, we find a suggestion in brief of counsel for appellant to the effect that the journals of the House and Senate disclose that the bill in its passage was not read three times in each house, as required by section 63 of our Constitution. It is not necessary to the validity of a law that

the Journals disclose that the bill was read three times.

"If the journals do not show that it had been read three times, it is to be presumed that the members knew that this had been done, from their own participation in the proceedings, or from memoranda, on the bill, when they voted for its passage." Walker v. Griffith, 60 Ala. 361.

We have examined the cited pages of the Journals, and find this insistence without merit.

The decree dissolving the injunction is correct and will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.