(No. 17281.—Reversed and remanded.)
The City of Chicago, Plaintiff in Error, *vs.* Samuel L. Ornstein, Defendant in Error.

*Opinion filed October 28, 1926.*

1. Auctioneers—*definition of an auctioneer.* An auctioneer is one who conducts a public sale or auction or one who is authorized to sell goods or merchandise at public auction or sale for recompense, and it is immaterial whether the goods sold are those of the auctioneer or of a person who employs the auctioneer.

2. Municipal corporations—*Chicago ordinance for licensing auctioneers includes merchant selling his own goods at daily auction.* An ordinance of the city of Chicago requiring that auctioneers be licensed as provided in the ordinance, and which defines an auctioneer as "one who sells goods at public auction for another or for himself," is a valid ordinance and includes a merchant who conducts his business by daily advertising and selling his goods at auction, as the object of the ordinance, and of the enabling act under which it was passed, is to regulate any person who follows the business of selling goods at auction.

Writ of Error to the Municipal Court of Chicago; the Hon. Joseph L. McCarthy, Judge, presiding.

Francis X. Busch, Corporation Counsel, (Leon Hornstein, and James I. McCarthy, of counsel,) for plaintiff in error.

Rosenberg, Cohen & Zimmerman, (H. J. Rosenberg, of counsel,) for defendant in error.

Mr. Justice Thompson delivered the opinion of the court:

The sole question in this case is the interpretation of the word "auctioneers," used in the act enabling cities to exercise certain of the police powers of the State. The clause of the act involved provides that the city council shall have power "to tax, license and regulate auctioneers, distillers, breweries, lumber yards, livery stables, public

scales, ice cream parlors, coffee houses, detective agencies, private detectives, money changers and brokers." Pursuant to the authority granted by this act the city of Chicago passed an ordinance which provides that "no person other than a licensed auctioneer shall sell at public or private auction. Any person who shall sell or attempt to sell at public auction in this city any real or personal property of any kind whatsoever (except under and by virtue of legal process or under and by virtue of a mortgage) without having first obtained a license therefor as herein required, shall be fined not less than $25 nor more than $100 for each offense." The ordinance defines an auctioneer as "one who sells goods at public auction for another or for himself." Other sections of the ordinance prescribe regulations governing sales at auction.

Defendant in error, Samuel L. Ornstein, is engaged in the jewelry business at 507 West Madison street, Chicago. The total value of his leasehold, fixtures and stock does not exceed $10,000. Outside his store is a sign which reads: "Forty thousand dollars stock of watches, diamonds and jewelry of all lines is to be sold at public auction," and a large red flag, across which is a wide white stripe, on which are painted the words "Public Auction," in large letters. Ornstein sells some of his jewelry over the counter but most of his sales are made by auction. These sales take place every business day of the year and are conducted by Ornstein or some of the seven persons employed by him as assistants. Neither Ornstein nor any of his employees are licensed auctioneers. Contending that the ordinance has no application to his business Ornstein refused to make application for an auctioneer's license. Complaint was filed in the municipal court, a trial had and judgment entered finding him not guilty. The validity of a municipal ordinance being involved and the trial judge having certified that in his opinion the public interest requires that this

court should pass upon the question, the case is brought here for review.

It will be noted that in the enabling act heretofore quoted some of the occupations or businesses authorized to be taxed, licensed and regulated by cities are designated by the legislature by a word describing one who follows the occupation or conducts the business, while others are designated by a word describing the occupation or business itself. It is clear that the purpose of the enabling act is to grant to cities authority to regulate, among others, the business of selling goods by auction, and the ordinance under consideration is well adapted to carrying out this purpose. The object is to regulate any person who follows the business of selling goods by auction. The right to regulate auctioneers has been exercised by the people through their legislatures from colonial times to the present, (*People* v. *Grant,* 126 N. Y. 473, 27 N. E. 964,) and, as far as we are aware, has never been questioned. An ordinance of the city of Chicago similar to the one now before us was considered by this court in *Wiggins* v. *City of Chicago,* 68 Ill. 372, and while the question here presented was not raised or decided in that case, the ordinance, in so far as it purported to regulate selling goods by auction, was regarded as a valid enactment. An auctioneer is one who conducts a public sale or auction, (Bouvier's Law Dict.;) a person who is authorized to sell goods or merchandise at public auction or sale for recompense, (Burrill's Law Dict.;) a licensed agent appointed to sell property and to conduct sales or auctions, (Wharton's Law Dict.;) a person who sells or makes a business of selling by auction, (Webster's New Int. Dict.;) one who conducts a sale by auction, (Standard Dict.;) and one whose business is to offer property for sale by auction; one who invites bids at public auction, (Worcester's Dict.) It will be seen that it is immaterial whether the goods sold are those of the auctioneer or of another person who employs the auctioneer.

(*City of Goshen* v. *Kern,* 63 Ind. 468, 30 Am. Rep. 234.)
The object of the regulation is to promote the general wel-
fare by protecting the public from fraudulent sales, and this
protection is needed as much, if not more, where the auc-
tioneer is selling his own goods as where he is selling the
goods of another. Defendant in error comes within the
terms of the ordinance and must submit to its provisions.

The judgment is reversed and the cause is remanded
to the municipal court of Chicago.

*Reversed and remanded.*