ROBERT A. ORR v. CITY OF ROCHESTER AND OTHERS.[1]

January 25, 1935.

No. 30,156.

*Christensen & Ronken,* for appellant.
*James T. Spillane,* for respondents.

STONE, JUSTICE.

Plaintiff appeals from a judgment denying him an injunction against the enforcement of an ordinance of the city of Rochester.

Plaintiff for a long time has conducted a retail jewelry business in Rochester. Resorting to public auction to dispose of some of his stock, he was met by the ordinance hereinafter considered. He could not conduct auction sales of his jewelry without violation of the ordinance or a license pursuant thereto. Declining to take out a license, he commenced this action to enjoin its enforcement, his claim being that it is invalid.

The ordinance in question, No. 438, is one, according to its title, for the "licensing, conducting and regulating" of all auction sales within the city. It prohibits the conduct of such sales by anyone

[1]Reported in 258 N. W. 569.

not licensed to do so under the ordinance. It provides for licenses to be issued by the common council. Prerequisite to the license is a bond of $1,000 and the payment of a minimum fee of $250. True, the daily license is but $25, but none can be issued unless for a minimum period of ten days. There are other provisions which need not be examined.

It is not suggested that the ordinance can be justified as a taxing measure. City of Mankato v. Fowler, 32 Minn. 364, 20 N. W. 361; Crescent Oil Co. v. City of Minneapolis, 175 Minn. 276, 221 N. W. 6; Id. 177 Minn. 539, 225 N. W. 904. Neither is there attempt to sustain it under the general police power of the city. The theory for the city and of the decision below is that the ordinance is specifically authorized by the home rule charter of the city, § 103 (26). The power thereby granted is one of many similar specific powers, not for the most part to prohibit anything, but to direct, license, or regulate. The language of subsection 26 is this:

"To license and regulate gift, fire, auction or bankrupt sales, and to license and regulate itinerant merchants and transient merchants or vendors, agents and solicitors for stages, cars, vehicles or public houses."

Section 103, in a few instances, does specifically delegate to the city the power to "prevent," for example, "the incumbering of streets, sidewalks, alleys," and some other things that might become nuisances.

█ The weight of authority seems to be, and with good reason, that the delegation of the power to regulate and license does not carry, by implication, the power to prohibit. The argument has been put thus: "The power to regulate does not properly include the power to suppress or prohibit, for the very essence of regulation is the existence of something to be regulated." Ex parte Patterson, 42 Tex. Cr. 256, 260, 58 S. W. 1011, 1012, 51 L. R. A. 654. See also 7 Wd. & Phr. (1 ser.) 6043, et seq.; 43 C. J. 252. Specifically as to "regulations affecting auctions or auctioneers," see 31 A. L. R. 299; 39 A. L. R. 773; 52 A. L. R. 491. (The case last annotated, City of Chicago v. Ornstein, 323 Ill. 258, 154 N. E. 100, 52 A. L. R. 489,

with many others, is in a category very different from this one, for there was the statutory authority needed for the ordinance in question.) We conclude, therefore, that there has not been delegated to the city of Rochester the power to prohibit auctions.

■ As a police measure, the involved ordinance, in its exactions of a minimum fee of $250, is obviously unreasonable as a mere regulation. The burden thereby imposed is so great (that is established by the evidence) as to be in effect a prohibition. For that reason it cannot be sustained.

In State ex rel. Cook v. Bates, 101 Minn. 301, 112 N. W. 67, it was decided that the power of the city of Duluth to license and regulate auctioneers included one to prohibit a licensed auctioneer from conducting auction sales of jewelry or watches. There is this difference between that case and this. The prohibition of the Rochester ordinance includes owners of merchandise seeking to auction their own property. Plaintiff proposed to act as his own auctioneer. In the Duluth case the prohibition was not directed at owners wanting to sell their own property, but only at auctioneers in general, whose license was held properly so limited as not to include the right to sell jewelry. There is room for holding that such a restraint, much less than complete prohibition, can be upheld as a regulation.

The judgment is reversed.