### C. W. CHAMPION V. THE STATE

No. 9919.   Delivered February 24, 1926.

Rehearing Denied March 24, 1926.

1.—Keeping Premises for Storing and Selling Intoxicating Liquor—
   Requested Charge—Properly Refused.

Where, on a trial for keeping premises for storing and selling intoxicating liquor, appellant requested a special charge to the effect that, if there was an agreement between appellant and the county attorney that if he would plead guilty to vagrancy in the county court, that he would not be prosecuted further, nothing appearing in the record showing what time such plea was presented, if at all, no error is presented

in the refusal of the special charges. Following Klein v. State, 277 S. W. 1073, and other cases cited.

**2.—Same—Sentence Erroneous—Is Reformed.**

It appearing that as a result of a clerical error, the sentence orders appellant to be confined in the penitentiary for not less than one nor more than eighteen months, same is reformed to read that appellant is to be confined for not less than one year nor more than eighteen months, and as reformed the judgment is affirmed.

Appeal from the District Court of Grayson County. Tried below before the Hon. T. E. Wilcox, Judge.

Appeal from a conviction for keeping a building for storing and selling intoxicating liquor, penalty 18 months in the penitentiary.

The opinion states the case.

*H. H. Cummins* of Sherman, for appellant.

*Sam. D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the district court of Grayson county for the offense of unlawfully keeping a building for storing and selling intoxicating liquor, and his punishment assessed at 18 months in the penitentiary.

The appellant has not favored us with a brief in this case, and the record discloses only two bills of exceptions, complaining of the action of the court in refusing to submit his special charges to the jury, to the effect that if there was an agreement either express or implied between the county attorney and himself, that if he would plead guilty to vagrancy in the justice court, that he would not be prosecuted further, to return a verdict of not guilty. The record fails to disclose any action of the district court on the plea of appellant, setting up former conviction in the justice court for vagrancy, nor is there anything in the record showing what time said plea was presented, if at all, to said district court, and in the absence of any showing to the contrary this court would have to presume that the action of the district court was correct in such matters, and consequently the record as presented fails to show any error in the court refusing said special charges above mentioned. Klein v. State, 277 S. W. 1073. Zulkoski v. State, 278 S. W. 441, on rehearing. The record as presented only submits issues of facts, which the learned judge properly in his charge, sub-

mitted the law to the jury on every phase of the case raised by the testimony, without any objection by the appellant or his counsel thereto, and after a careful examination of the entire record, we are unable to reach the conclusion that the jury was unauthorized in deciding said issues against the appellant in favor of the state.

The record discloses that the court in sentencing the defendant ordered him to be confined in the penitentiary "not less than one nor more than 18 months," which is shown by the record to be a clerical error, and should have been not less than one year, nor more than 18 months. Said portion of said sentence is here reformed to read that the appellant is to be confined for not less than one year, nor more than 18 months. The judgment of the trial court and the sentence thereof as reformed is now in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.