John Robert GRAY, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–296CR.

(2307cr).

Court of Appeals of Texas, Corpus Christi.

Feb. 4, 1982.

Discretionary Review Refused May 5, 1982.

Albert S. Low, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for burglary of a habitation. Punishment was assessed by the trial court at 15 years confinement in the Texas Department of Corrections. This conviction follows the second trial of this case, the first trial having ended in a mistrial on August 18, 1979.

Appellant's seven grounds of error bring forward questions concerning application of the Texas speedy trial act, sufficiency of evidence to support the conviction, jury misconduct, validity of the verdict, and the admissibility of evidence of a previous conviction.

In ground of error one, appellant contends "the trial court erred in overruling the appellant's motion to dismiss the indictment pursuant to art. 32A.02 Tex.Code Crim.Pro.Ann." The motion, which was timely filed before trial in writing, requests that the indictment be set aside because the "Defendant has neither been *tried* nor has he waived his right to speedy trial pursuant to Article 32A.02. . ." (emphasis supplied). The motion contends that "Under Texas law, Defendant should have been *tried* within 120 days of August 18, 1978, on charges currently pending before the Court in this cause." (emphasis supplied). On appeal, appellant contends that the indictment should have been set aside because "the State failed to make a prima facie showing that it was *ready* for trial within the time mandated by the Speedy Trial Act . . ." (emphasis supplied).

The complaint appellant makes on appeal does not comport with the objection made at trial and therefore presents nothing for review. *Bouchillon v. State*, 540 S.W.2d 319 (Tex.Cr.App.1976). Even if the ground on appeal comported with the trial objection, and it be conceded that the appellant was not tried within 120 days after his mistrial, still there is no error because no violation of the statute is shown. The statute imposes a deadline on prosecutors for being ready for trial, but not on trial courts for calling a case for trial. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979); *Ordunez v. Bean*, 579 S.W.2d 911, 915 (Tex.Cr.App.1979).

Even if the appellant had objected at the trial that the State was not *"ready"* for trial within the time limits prescribed by the statute, still no error is shown because no evidence was offered in support of the motion which would support a finding that the State was not ready for trial within the deadline period. Appellant, being the movant, had the initial burden of proof to show a noncompliance with the statute. Once a prima facie showing of noncompliance was made, the State would have the burden to rebut that showing. All that appellant established at the hearing on the motion was that the record showed no announcement of ready by the State within 120 days after the mistrial. The record also shows no announcement or activity by the State indicating that the State was *not* ready for trial within that period. The mere fact that the record shows no announcement of ready by

the State during the 120-day period is not, of itself, proof that the prosecution was not ready for trial within that period.

It may be argued that the case of *Barfield v. State*, 586 S.W.2d 538, 542, is authority for the proposition that the mere filing of a motion to set aside under the speedy trial act which is not answered by the State will authorize dismissal of the indictment. We do not so interpret *Barfield*. In that case, a hearing was held on the motion in which the defendant apparently offered no proof, but in which the State gratuitously stated that it was ready then and was ready within the times required by the statute. *Barfield* held that such an announcement was prima facie proof that the State had complied with the statute. Presumably, the motion in *Barfield*, with no offer of proof by defendant, would have been properly overruled by the trial court even without the State's announcement.

In ground of error two, appellant challenges the sufficiency of the evidence, specifically contending that the State failed to prove that Elizabeth Bridges was the owner of the habitation as alleged in the indictment.

The indictment alleged that the habitation was "owned by Elizabeth Bridges." Bridges testified that she "owned" the habitation and that she did not give appellant consent to enter it. She further testified that she was out of town on the day the burglary occurred. Andrea Wilkinson, the seventeen-year-old daughter of Elizabeth Bridges, testified that she lived at the habitation with her mother and father, was in town on the day of the burglary, but was away from the habitation on a drive with friends when the burglary occurred. Tracking Tex.Penal Code Ann. § 1.07(24) and (28) (Vernon 1974) the trial court charged on ownership as follows:

" 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the defendant. 'Possession' means actual care, custody, control or management."

Appellant contends that the ownership theory of "possession" is not supported by the evidence. He argues that since Bridges was out of town on the day of the burglary, she could not have been in "actual care," custody, and control of the habitation. He maintains the evidence conclusively shows that Andrea Wilkinson, and not her mother, was in "actual" care, custody, and control of the habitation.

The charge submitted disjunctively three theories of ownership, namely, title, possession, and greater right to possession of the property than the actor. Conviction would be authorized if there is evidence to support any one of these theories. The testimony of Bridges that she "owned" the habitation is sufficient to support a finding of all three. Even if the evidence were insufficient, as appellant contends, to support a finding that Bridges had "possession" of the habitation, the evidence is sufficient to support a finding that she had title to the habitation or a greater right to possession of it than did appellant.

Even though not determinative of the result we have reached, we feel it necessary to respond to appellant's challenge to the evidence because it calls into question the meaning of the term "actual" in the statutory definition of "possession." Over one hundred years ago the same question was raised and answered in the case of *Moore v. State*, 8 Tex.App. 496, 499 (1880), which involved the theft of a horse, which at the time of its taking, was running loose on the range where it had been turned out by its owner. Before quoting from this opinion, we note that the definition of "possession" in Tex.Penal Code Ann. § 1.07 comes from Penal Code (1925) art. 1415 which read:

"Possession of the person so unlawfully deprived of property is constituted by the exercise of actual control, care and management of the property, whether the same be lawful or not."

Searcy and Patterson, Practice Commentary, 1 Tex.Penal Code Ann. 39, 41 (Vernon 1974). *Moore v. State*, supra, in pertinent part, states:

"Our Code, in defining what is a necessary possession in theft, provides that 'possession of the person so unlawfully deprived of property is constituted by the exercise of actual control, care, or management of the property, whether the same be lawful or not.' Penal Code, art. 729. It is contended in argument that sufficient significance has not hitherto been given to the term 'actual,' as employed totally fail to convey that idea. A person in constructive possession of an animal upon the range—as an agent and the like—may exercise control, care, or management without even reducing the animal into actual possession, and, as we have seen, may thus constitute the owner within the meaning of the law . . . ."

And, from *Davidson v. State*, 86 Tex.Cr.R. 243, 216 S.W. 624, 625 (1919), a burglary case, we find this language:

"We do not deem it necessary, in order to constitute occupancy, within the meaning of the burglary statute, that there be the actual corporeal presence of the alleged occupant in the house at the time. In *Moore v. State*, [48 Tex.Cr.R. 400] 88 S.W. 230 this court held the term 'occupancy' as equivalent to 'possession.' In *Tidwell v. State*, 45 S.W. 1015, we held 'occupancy' tantamount to 'ownership.' One may occupy premises miles away from his sleeping, eating, or staying quarters, by keeping his goods there, or by other means not necessary here to enumerate."

■ Following these authorities, we hold that the absence of Elizabeth Bridges from her home at the time of the burglary does not prove that she did not have "actual" care, custody, control or management over it. Nor does the fact that the habitation may have been in the joint possession of Bridges and her daughter create a variance between the indictment and the proof. *Wright v. State*, 468 S.W.2d 422, 424 (Tex. Cr.App.1971); *Powers v. State*, 162 S.W. 832, 833 (Tex.Cr.App.1913); *Cogshall v. State*, 58 S.W. 1011 (Tex.Cr.App.1900); Tex. Code Crim.Pro.Ann. art. 2108 (Vernon 1966), 10 Tex.Jur.2d Burglary § 47 (1959).

In ground of error three, appellant contends that the trial court erred in refusing to grant a mistrial after the prosecutor, in the jury's presence, stated that appellant had filed a motion for probation. The prosecutor's statement came in the form of an objection to defense counsel's statement in his argument that "The question of whether or not Mr. Gray spends a great deal of time in prison possibly rides on your decision . . . ."

The trial court responded to the objection by stating "They are not to consider his punishment at all." After this response, appellant's counsel made an additional short statement to the jury and concluded his argument. An off-the-record bench conference then took place, followed by the State's closing argument. After the jury had retired to deliberate, appellant moved for a mistrial, objecting, in effect, that the prosecutor's argument placed before the jury inadmissible information which the jury was likely to consider as an admission of guilt on the part of appellant.

■ We find that the State's argument was invited. *Vigneault v. State*, 600 S.W.2d 318 (Tex.Crim.App.1980). The harm, if any, caused by the argument was cured by the judge's prompt instruction that the jury should not consider punishment. We further observe that appellant's objection to the argument was untimely and therefore ineffective to preserve error. In this regard, we apply the rule stated in *Cain v. State*, 549 S.W.2d 707, 715 (Tex.Cr. App.1977), which reads:

"An objection must be made as soon as the ground of the objection becomes apparent. Objection to the argument must come at the time of argument if error is to be preserved."

And, even if the objection had been timely made, error still would not be preserved because the ground of error does not comport with the objection. *Miller v. State*, 566 S.W.2d 614 (Tex.Cr.App.1978).

In ground of error four, appellant contends the trial court erred in entering the verdict upon the minutes because a juror, when polled, denied the verdict was his. To

the trial court's question, "Is the verdict that the Clerk read your verdict?" Juror Will answered: "I wrote it that way, Your Honor, but I didn't feel that way about it." Responding to this answer, the trial court asked juror Will again, "Is the verdict that the Clerk read your verdict?" To this second inquiry, the juror answered, "Yes, sir."

Juror Will later testified at the motion for new trial hearing that she was emotionally upset over the loss of her child, that she hadn't heard enough evidence to be convinced of the appellant's guilt, and that she voted guilty because she wanted to get out of the jury room because she was "fixing to go to pieces."

█ Entry of the verdict upon the minutes of the court carried with it an implied finding by the trial court that Juror Will answered the jury-poll question in the affirmative. We hold that the exchange between the trial judge and the juror during the jury poll supports this finding.

In making this determination, we have not taken into account Juror Will's testimony at the hearing on the motion for new trial, because to do so would violate the rule that a juror may not impeach his verdict by showing the reasons for the conclusions reached or the mental processes by which he reached his verdict. *Daniels v. State*, 600 S.W.2d 813 (Tex.Cr.App.1980); *Bridges v. State*, 166 Tex.Cr.R. 556, 316 S.W.2d 757, 761 (1958).

█ Appellant's fifth ground of error concerns alleged jury misconduct. In a hearing on appellant's second amended motion for new trial it was established without dispute that after the jurors had been sworn, and before the trial began, Juror Cavers expressed to Juror Woelke that she felt that there was more involved in the case than just burglary and that either rape or bodily injury was involved. The trial court, by overruling the motion for new trial, found, by implication, that the statements by Cavers were not prejudicial to the defendant. Woelke testified that Cavers' statements were made to her during a lunch break before the trial began, but were never repeated either before or during the deliberations. Woelke also testified that she did not consider Cavers' statements in reaching her verdict. Cavers testified that she did not share or discuss her speculations with any other juror and that she did not consider her speculations in reaching her verdict. She stated that the evidence showed that those factors actually were not involved in the case. The testimony of Woelke and Cavers constitute ample evidence to support the trial court's implied finding that Cavers' statements were not prejudicial to defendant. *Stevens v. State*, 171 S.W.2d 135, 138 (Tex.Cr.App.1943).

To prove that appellant was a repeat felony offender, the State offered into evidence State's Exhibit 8, which consisted of records of the Texas Department of Corrections, showing that appellant had been previously convicted of rape. Included among the records introduced was a copy of the judgment of sentence which contained a finding that the offense was committed on September 23, 1974. The date of the judgment of sentence was May 24, 1974. The judgment of conviction, also included in the records, contains a finding that the offense occurred on September 23, 1973. In ground of error six, appellant contends that the sentence, and, therefore, the conviction, is void because it shows the offense to have been committed on a date after sentencing.

█ We find that appellant has waived this contention by his failure to object to the records when they were offered into evidence. *Lopez v. State*, 507 S.W.2d 776 (Tex.Cr.App.1974), *Jenkins v. State*, 488 S.W.2d 130 (Tex.Cr.App.1972). Even if there had been a timely objection, no error is shown. From examination of the judgment of conviction, it is plain that the date of the offense recited in the sentence is a typographical error which could have been corrected by nunc pro tunc entry, *Alverez v. State*, 605 S.W.2d 615, 617 (Tex. Cr.App.1980), or by reformation of the sentence on appeal. *Luna v. State*, 288 S.W. 465 (Tex.Crim.App.1926), *Champion v. State*, 281 S.W. 546 (Tex.Cr.App.1926). Er-

rors of this kind cannot be raised by a collateral attack on the judgment. *Ex Parte King*, 156 Tex.Cr.R. 231, 240 S.W.2d 777, 779 (Tex.Crim.App.1951), *Ex Parte Beeler*, 53 S.W. 857 (Tex.Cr.App.1899).

In ground of error seven, appellant contends that the trial court erred in admitting the aforesaid records (State's Exhibit 8) into evidence because "the alleged attestation of Billy R. Ware, the Record Clerk of the Texas Department of Corrections, is defective in that although it alleges that his seal is placed on the document, it is apparent from examination of the State's Exhibit 8 none is present." He brings this ground forward on the following trial objection:

> "I further object to this on the ground this is hearsay and doesn't meet the requirements for admission of documentary evidence, that the seal is bad on here, on the front page, the County Clerk of Waler County, that the information—all this is hearsay as to this Defendant."

This ground of error does not comport with the trial objection, and, therefore, presents nothing for review. *Bouchillon v. State*, 540 S.W.2d 319 (Tex.Cr.App. 1976). The trial objection is also too general to preserve error. It put neither the trial judge nor the prosecutor on notice of what particular "requirements" for admissibility had not been met. *Harris v. State*, 565 S.W.2d 66, 70 (Tex.Cr.App.1978).

We have carefully considered all of appellant's grounds of error. They are overruled. Finding no reversible error, the judgment of the trial court is AFFIRMED.