NUMBERS 13-11-00720-CR
13-11-00721-CR



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

FERNANDO HERRERA,                                **Appellant,**

## v.

THE STATE OF TEXAS,                                  **Appellee.**

## On appeal from the 319th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Vela Memorandum Opinion by Chief Justice Valdez[1]

Pursuant to a plea bargain agreement with the State, appellant, Fernando Herrera, pleaded guilty to the offenses of possession of marihuana, a third-degree felony, and possession with the intent to deliver cocaine, a first degree felony (appellate

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

cause number 13-11-00720-CR). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), 481.121 (West 2010). The trial court deferred adjudication and placed Herrera on community supervision for a period of ten years for the possession with the intent to deliver cocaine charge and five years for the possession of marihuana charge. Subsequently, the State filed a motion to revoke, alleging that Herrera had violated several terms of community supervision. Herrera pleaded true to all of the allegations in the State's motion to revoke.[2] The trial court found that Herrera had violated the terms of community supervision, revoked Herrera's community supervision, found him guilty of the offenses, and sentenced him to ten years' incarceration for the possession of marihuana offense and twenty-five years' incarceration for the possession with intent to deliver cocaine offense. At the same hearing, Herrera pleaded guilty to the third-degree offense of possession of a controlled substance (cocaine)—a third offense committed while he was on deferred adjudication community supervision (appellate cause number 13-11-00721-CR) and was sentenced to tens years' confinement. *See id.* § 481.115 (West 2010).

By one issue, Herrera contends that the sentences imposed for the offenses of possession of cocaine with the intent to deliver and possession of cocaine exposed him to "an unreasonable, unusual, and unconstitutional punishment in violation of the Eighth and Fourteenth Amendments."[3] *See* U.S. CONST. amend. VIII, XIV. We affirm the judgment in cause number 13-11-00721-CR, and we affirm as modified the judgment in cause number 13-11-00720-CR.

---

[2] The State alleged Herrera had committed multiple violations of community supervision.

[3] Herrera does not challenge the sentence imposed for the possession of marihuana offense.

## II. CONSTITUTIONALITY OF THE SENTENCES

By his sole issue, Herrera contends that the sentences constitute unreasonable, unusual, and unconstitutional punishment.[4]  *See* U.S. CONST. amend. VIII, XIV; TEX. HEALTH & SAFETY CODE ANN. § 481.115.  Specifically, Herrera argues that the sentences are disproportionate to the crimes committed.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted."  U.S. CONST. amend. VIII.  The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment.  *Id.* amend. XIV.  This right and every constitutional or statutory right can be waived by a "failure to object."  *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

To preserve a complaint of disproportionate sentencing, a criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial.  *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding

---

[4] Herrera argues that his sentences are disproportionate because for both offenses, he possessed an amount of cocaine that was at the low end of the amounts required for either a first or third-degree felony respectively.  Herrera points out that the State presented evidence for the third-degree possession offense that he possessed 1.2 grams of cocaine and evidence for the first-degree possession with intent to deliver offense that he possessed 7.84 grams of cocaine.  Possession with the intent to deliver cocaine in the amount of four grams to 200 grams is a first-degree felony while possession in the amount of over one gram but less than ten grams is a third-degree felony.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112, 481.115 (West 2010).

3

defendant waived cruel and unusual punishment argument by failing to object); *see* TEX. R. APP. P. 33.1. Here, Herrera did not object when the trial court imposed the complained-of sentences or complain of the sentences in any post-trial motion. Therefore, Herrera has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151-52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even had Herrera preserved error, a punishment that is within the limits prescribed by a valid statute, as in this case, is generally not excessive, cruel, or unusual.[5] *See Trevino*, 174 S.W.3d at 928. We overrule Herrera's sole issue.

### III. MODIFICATION

In appellate cause number 13-11-00720-CR, the trial court's judgment mistakenly states that Herrera was convicted under section 481.115 of Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010) (setting out the elements of possession of a controlled substance). However, Herrera was convicted of possession with intent to deliver cocaine. *See id.* § 481.112(a). The Texas Rules of Appellate Procedure allow this Court to modify judgments sua sponte to correct typographical errors and make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). Thus, we modify the judgment in appellate cause number 13-11-00720-CR to indicate that the statute under which appellant was

---

[5] A third-degree felony has a punishment range of two to ten years' confinement. *See* TEX. PENAL CODE ANN. § 12.34(a) (West 2003). A first-degree felony has a punishment range of "life or for any term of not more than 99 years or less than 5 years." *Id.* § 12.32(a) (West 2010).

convicted is section 481.112(a) of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112.

## IV. CONCLUSION

We affirm the trial court's judgment in cause number 13-11-00721-CR and the trial court's judgment in cause number 13-11-00720-CR as modified.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
20th day of December, 2012.