

# NUMBERS 13-12-00423-CR & 13-12-00424-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GERALD WESLEY DUPREE,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Gerald Wesley Dupree, appellant, was indicted for possession of a controlled substance under Cause No. 13-12-00423-CR.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2003).   Dupree failed to appear for a pre-trial hearing and was then indicted for bail jumping under Cause No. 13-12-00424-CR.   *See* TEX. PENAL CODE ANN.

§ 38.10 (West 2003).

He pleaded guilty to the possession charge and was sentenced to five years' imprisonment, probated for two years. He also pleaded guilty to bail jumping and was sentenced to ten years' imprisonment, probated for five years. The State filed a motion to revoke in each of the cases alleging numerous violations of probation. Dupree pleaded true to both revocation motions and his probation was revoked. He was sentenced to five years imprisonment under Cause No. 13-12-00423-CR and to two years imprisonment under Cause No. 13-12-00424-CR in the Texas Department of Criminal Justice—Institutional Division to run concurrently.

Dupree's appellate counsel, concluding that "there are no arguable grounds to be advanced on appeal," filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm as modified.

## I. DISCUSSION

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v.*

2

*State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response within thirty days.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Dupree did not file a pro se brief although an adequate time has passed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. All other motions will be denied as moot. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4.

### IV. MODIFICATION OF JUDGMENT

The trial court's judgment on Cause No. 13-12-423-CR incorrectly spells appellant's name as "Geral Wesley Dupree." The record shows, however, that appellant's name is "Gerald Wesley Dupree". The Texas Rules of Appellate Procedure allow this Court to modify judgments *sua sponte* to correct typographical errors and make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State,* 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State,* 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *Gray v. State,* 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3, 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.3.

ref'd).   Thus, we modify the judgment to reflect the correct spelling of appellant's name.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P.47.2 (b).

Delivered and filed the
23rd day of May, 2013.

5