

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00143-CR

_____

MIGUEL RAMOS LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 217th District Court
Angelina County, Texas
Trial Court No. 2013-0054

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Miguel Ramos Lopez appeals his conviction of the offense of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2012). Lopez was sentenced to twenty-five years' imprisonment. Lopez was represented by different appointed counsel at trial and on appeal.[1]

Lopez's attorney on appeal has filed a brief which discusses the record and reviews the trial court proceedings in detail. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Lopez August 19, 2013, informing Lopez of his right to file a pro se response and of his right to review the record. Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal. Lopez has not filed a pro se response, nor has he requested an extension of time in which to file such a response.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

In this case, we shall modify the judgment to reflect the correct statute for the offense of aggravated sexual assault of a child, the offense of which Lopez was convicted. The judgment lists the statute for this offense as Section 22.02 of the Texas Penal Code, pertaining to aggravated assault. TEX. PENAL CODE ANN. § 22.02 (West 2011). The correct statute for the offense of aggravated sexual assault of a child is Section 22.021 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.021. The Texas Rules of Appellate Procedure give this Court authority to modify judgments to correct errors and make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). Therefore, we hereby modify the judgment to indicate that the correct statute for the offense of which Lopez was convicted is Section 22.021 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.021.

As modified, we affirm the judgment of the trial court.[2]

 

 

Josh R. Morriss, III
Chief Justice

Date Submitted:       October 24, 2013
Date Decided:         October 25, 2013

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.