

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00158-CR

MICHAEL J. GALLOWAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court 4 of Dallas County
Dallas County, Texas
Trial Court No. F-1054302-K

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In Dallas County,[1] Texas, Michael J. Galloway entered an open plea of guilty to abandoning a child with intent to return. The trial court deferred adjudication of guilt and placed Galloway on community supervision for a period of four years. About two years later, the State filed a motion to adjudicate guilt, alleging that Galloway violated six terms of his deferred adjudication community supervision. Galloway pled "not true" to the allegations. After a hearing, the trial court granted the State's motion, found Galloway guilty of violating four of his supervision conditions, and sentenced him to eighteen months' confinement.

Galloway has filed a single brief, in which he raises issues common to both of his appeals.[2] On appeal, Galloway contends that the trial court erred (1) by allowing a Dallas County community supervision officer to testify from the reports prepared by a nontestifying Collin County community supervision officer, (2) by entering a judgment that he pled "true" to the State's revocation allegations, (3) by entering a judgment that he violated all of the community supervision terms alleged in the State's motion to adjudicate, and (4) because there is insufficient evidence to support the trial court's assessment of court costs against him.

We addressed Galloway's first three points of error in our opinion of this date on Galloway's appeal in cause number 06-13-00157-CR. For the reasons stated therein, we modify

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We decide this case pursuant to the precedent of the Fifth Court of Appeals. *See* TEX. R. APP. P. 41.3.

[2]Galloway also appeals a separate conviction of abandoning a child with intent to return resulting in a sentence of eighteen months' confinement in our cause number 06-13-00157-CR.

the judgment to reflect a plea of "not true," and a finding that Galloway violated conditions H, K, R, and U as alleged in the State's motion to adjudicate.

In his final point of error, Galloway argues that there is insufficient evidence to support the trial court's assessment of $394.00 in court costs against him. We agree.

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether . . . that bill is incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547.

The clerk's record in this case did not originally include a bill of costs. Following the precedent of the Dallas Court of Appeals, we ordered the Dallas County District Clerk to prepare and file an itemized bill of costs. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). In response, we received a "Bill of Costs" certification signed by the Dallas County District Clerk averring that the attached unsigned, unsworn computer printout constitutes "costs that have accrued to date." The Dallas Court of Appeals has held that this type of filing constitutes a bill of costs. *Crain v. State*, No. 05–12–01219–CR, 2014 WL 357398,

3

at *1 n.1 (Tex. App.—Dallas Jan. 31, 2014, no pet. h.) (mem. op., not designated for publication)

(citing *Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd)).

Here, the bill of costs contained in the supplemental record certifies court costs of $290.02. Therefore, we sustain this point of error because the evidence is insufficient to support the assessment of $394.00 in court costs. The Texas Rules of Appellate Procedure give this Court authority to modify judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). We hereby modify the trial court's judgment in this case to reflect court costs of $290.02.

We affirm the judgment, as modified.


Josh R. Morriss, III
Chief Justice


Date Submitted:     March 31, 2014
Date Decided:       May 22, 2014

Do Not Publish

4