

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00117-CR

_____

COREY DION MCDONALD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 26560

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Corey Dion McDonald appeals his conviction for possession of one gram or more but less than four grams of a controlled substance in Penalty Group 1. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). Pursuant to his plea agreement, McDonald pled guilty to possession of the controlled substance and pled true to two prior felony convictions alleged in the indictment. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2016). He was sentenced to thirty-five years' imprisonment. McDonald was represented by the same appointed counsel both at trial and on appeal.[1]

McDonald's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel provided McDonald with a copy of the brief, the appellate record, and the motion to withdraw. Counsel also informed McDonald of his right to file a pro se response and of his

---

[1]In our review of the record in this case, we do not find any issues relating to the effectiveness of McDonald's trial counsel.

right to review the record. McDonald's pro se response, if any, was due on or before October 3, 2016. McDonald has neither filed a pro se response nor requested an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In the *Anders* context, once we determine that the appeal is without merit and is frivolous, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738.

In this case, we shall modify the judgment to reflect the correct statute for the offense of possession of one gram or more but less than four grams of a controlled substance in Penalty Group 1, the offense for which McDonald was convicted. The judgment lists the statute for this offense as Section 481.112(c) of the Texas Health and Safety Code, pertaining to possession of a controlled substance with intent to deliver. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (West 2010). The correct statute for the offense of possession of one gram or more but less than four grams of a controlled substance in Penalty Group 1 is Section 481.115(c) of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). The Texas Rules of Appellate Procedure give this Court authority to modify judgments to correct errors and make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). Therefore, we hereby modify the judgment to indicate that the correct statute for the offense of which McDonald was

3

convicted is Section 481.115(c) of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).

As modified, we affirm the judgment of the trial court.[2]


Bailey C. Moseley
Justice

Date Submitted:     November 10, 2016
Date Decided:       November 14, 2016

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.