

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00098-CR
_____

LOGAN WESLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 20F0055-202

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Logan Wesley[1] was charged with sexually assaulting Sylvia Hanes, Jamie Cook, and Jane Parker when they were children.[2] The charges related to all three victims were tried in a single, consolidated jury trial in Bowie County, Texas.[3] In total, the jury found Wesley guilty of five counts of aggravated sexual assault of a child, nine counts of sexual assault of a child, and two counts of indecency with a child by contact. The trial court sentenced Wesley to five life sentences and 220 years in prison, with all the sentences to run consecutively.

Here, Wesley appeals from his two convictions related to Jane Parker: one count of indecency with a child by contacting her breast with his hand and one count of sexual assault of a child by penetrating her sexual organ with his finger. Wesley argues that the trial court's failure to include a specific unanimity charge in the jury instructions was egregiously harmful.

We modify the sexual-assault judgment to state the correct statute of offense and affirm that judgment, as modified, and we affirm the indecency judgment, without modification, because, if the trial court erred, it was not egregiously harmful.

---

[1]While the judgment renders Wesley's name in this way, other documents in the clerk's record include "III" in Wesley's name.

[2]To protect the identity of the victims, who were minors at the time of the alleged abuse, we refer to them by pseudonyms. *See* TEX. R. APP. P. 9.10(a)(3)

[3]The convictions related to victim Hanes are on appeal under our cause number 06-20-00096-CR and include three counts of aggravated sexual assault of a child under fourteen, three counts of sexual assault of a child under seventeen, and one count of indecency with a child by contact. The convictions related to victim Cook are on appeal under our cause number 06-20-00097-CR and include two counts of aggravated sexual assault of a child under fourteen and five counts of sexual assault of a child under seventeen. The convictions related to victim Parker are on appeal under our cause number 06-20-00098-CR and include one count each of indecency with a child by contact and sexual assault of a child.

*(1)     The Asserted Charge Error Was Not Egregiously Harmful*

The testimony and evidence produced during the trial of this case were detailed in this court's opinion in a companion case, issued on this date under the style *Wesley v. State*, cause number 06-20-00096-CR.

In his sole point of error in this case, Wesley contends that a specific unanimity instruction was required because he "was found guilty of two counts of indecency with a child (by contact)" and "the victim provided numerous possible events that could establish these offenses."[4]   However, this argument is based on an incorrect premise, as Wesley was not convicted of two counts of indecency; Wesley was convicted of one count of indecency with a child by "touching the breast of the complainant . . . with [his] hand" and one count of sexual assault of a child by "penetration of the sexual organ of Jane Parker . . . by [his] finger." However, we address Wesley's argument to the extent it applies to his conviction for indecency by contact.

"We employ a two-step process in our review of alleged jury charge error." *Murrieta v. State*, 578 S.W.3d 552, 554 (Tex. App.—Texarkana 2019, no pet.) (citing *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994)).  "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Id.* (quoting *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32)).

---

[4]Wesley did not demand that the State elect which specific criminal conduct it relied on for each charged offense.

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 36.13). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Id.* (quoting *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14)). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion." *Id.* (quoting *Lee*, 415 S.W.3d at 917 (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007))).

One of the charges Wesley was convicted for was indecency with a child by "touching the breast of the complainant . . . with [his] hand." Here, the application paragraphs of the court's charge tracked the language of the indictment, but the only mention of unanimity is made in the closing paragraph of the charge, stating, "Your verdict must be unanimous, and when reached, you will notify the bailiff in the manner instructed and the Court will send for you and your verdict will be received in open court."

"Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed." *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). "This means that the jury must 'agree on a single and discrete incident that would constitute the commission of the offense alleged.'" *Id.* (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)). "[N]on-unanimity may occur when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate

4

occasions." *Id.* at 772. However, when more than one incident of criminal conduct could be relied on for conviction, a general instruction on unanimity is insufficient. *Arrington v. State*, 451 S.W.3d 834, 841 (Tex. Crim. App. 2015). Because "[e]ach of the multiple incidents individually establishes a different offense or unit of prosecution, . . . [t]he judge's charge, to ensure unanimity, would need to instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Id.*

Here, Parker testified to multiple, separate instances where he touched her breasts in the pastor's office, in the playroom, and at Grady T. Wallace Park. Therefore, the jury was presented with evidence of different instances where Wesley touched her breasts with his hands. The State did not explicitly state which of the specific instances satisfied which count, and Wesley did not demand that the State make such election. Thus, "[t]he jury could have relied on separate incidents of criminal conduct, which constituted different offenses or separate units of prosecution," in finding Wesley's guilt on a particular charge. *See Cosio*, 353 S.W.3d at 774. Therefore, the trial court was required to instruct the jury that its verdict had to be unanimous as to each single unit of prosecution—each of the seven counts in the indictment. *See id.*; *Arrington*, 451 S.W.3d at 839. However, the trial court submitted only a general unanimity instruction; "[t]he jury may have believed that it had to be unanimous about the offenses, not the criminal conduct constituting the offenses." *Cosio*, 353 S.W.3d at 774. Because this created the possibility of a non-unanimous verdict, the jury charge was erroneous. *See id.*; *Arrington*, 451 S.W.3d at 839.

5

"The level of harm necessary to require reversal due to jury charge error is dependent upon whether the appellant properly objected to the error." *Murrieta*, 578 S.W.3d at 555 (citing *Abdnor*, 871 S.W.2d at 732). "Here, because [Wesley] did not object to the charge, we will not reverse the judgment unless the record shows the error resulted in egregious harm, *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), such that he did not receive a fair and impartial trial." *Id.* (citing *Almanza*, 686 S.W.2d at 171; *Loun v. State*, 273 S.W.3d 406, 416 (Tex. App.—Texarkana 2008, no pet.)). "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.* (quoting *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007)). "In making this determination, we review 'the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information in the record as a whole.'" *Id.* (quoting *Villarreal v. State*, 205 S.W.3d 103, 106 (Tex. App.—Texarkana 2006, pet. dism'd, untimely filed) (citing *Almanza*, 686 S.W.2d at 171)). "Direct evidence of harm is not required to establish egregious harm." *Id.* (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)).

First, we examine the error in light of the entire jury charge. Here, as found above, the charge "permitted non-unanimous verdicts based on evidence presented in the case." *Tiller v. State*, 578 S.W.3d 143, 148 (Tex. App.—Texarkana 2019, no pet.) (quoting *Arrington*, 451 S.W.3d at 841). The only mention of unanimity in the charge was general, boilerplate language at the end of the charge that stated, "Your verdict must be unanimous, and when reached, you will notify the bailiff in the manner instructed and the Court will send for you and your verdict

will be received in open court." Therefore, a review of the entire charge weighs in favor of finding egregious harm.

Significant evidence supported the jury's verdict finding Wesley guilty of indecency by touching. Under Texas law, Parker's testimony alone was sufficient to support the jury's verdict on the indecency charge. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Supp.). Wesley started abusing her not long after she started attending his church at age nine. Parker testified that Wesley abused her "hundreds" of times, including several different instances of Wesley touching her breast when she was anywhere from nine years old to eleven years old. She testified that Wesley touched her breasts when he got her alone in the pastor's office and in the playroom. Parker testified in detail that, on the night of a revival service, Wesley was driving her home in the white church van, and he drove the two of them to Grady T. Wallace Park in Bowie County, Texas, where he undressed her, touched her breasts, and put his fingers in her vagina. She was eleven years old at the time.

Weighing in Wesley's favor was his own testimony and that of his family members. His family members denied ever seeing or knowing of him behaving inappropriately with Parker. Wesley denied ever touching Parker inappropriately. He testified that any claim of abuse in the white church van occurring before 2002 was false because the church did not obtain the van until 2002. Wesley testified that Parker got off the church van with her brothers, so she could not have been dropped off last and alone. Wesley's nephew testified that Cook could never have been the last person dropped off by the church van, because he and Wesley's children were always the last ones dropped off, as they were going to Wesley's house.

7

Thus, the jury was faced with a "he said, she said" situation because the jury had to choose whether to believe Parker and the evidence supporting her testimony or Wesley and his family members. *See Arrington*, 451 S.W.3d at 841. Wesley's theory of the case and his decision to testify "left the jury with an all-or-nothing decision, either he was guilty or he was not." *Id.* at 842. Had the jury believed Wesley and his version of the events, they would have acquitted him. *See id.* at 844. However, by finding Wesley guilty of indecency, the jury clearly rejected Wesley's defensive theory and the witnesses testifying in support of it. Therefore, the state of the evidence weighs against a finding of egregious harm. *See id.* at 842, 844 (citing *Ruiz v. State*, 272 S.W.3d 819, 826–27 (Tex. App.—Austin 2008, no pet.); *Cosio*, 353 S.W.3d at 777–78).

Neither party's arguments contributed to or emphasized the charge error by telling the jury it did not have to be unanimous about the criminal conduct constituting each offense. "The parties also did not ameliorate the error by explaining what was required for a unanimous verdict." *Tiller*, 578 S.W.3d at 149. Accordingly, this factor is neutral. *See Arrington*, 451 S.W.3d at 844. Further, after reviewing the entire record, we find no other relevant information favoring a finding of egregious harm. Having weighed these factors, we overrule this point of error because we are unable to find that the charge error affected the basis of the case, deprived Wesley of a valuable right, or affected a defensive theory. *See Ngo*, 175 S.W.3d at 743–44 (quoting *Stuhler*, 218 S.W.3d at 719).

Wesley's point of error in this case is overruled.

*(2)*     *The Judgment Should be Modified to Reference the Correct Penal Code Provisions*

The trial court's nunc pro tunc judgment for Wesley's conviction of sexual assault of a child indicates that the statute for the offense is "21.11 PENAL CODE."

The Texas Rules of Appellate Procedure give this Court authority to modify judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Battle v. State*, No. 06-07-00148-CR, 2008 WL 482343, at *3 (Tex. App—Texarkana Feb. 25, 2008, no pet.) (mem. op., not designated for publication) (reforming judgment to reflect proper statute under which defendant should have been convicted); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). Whether the issue was raised by the parties, this Court may act sua sponte to modify an incorrect judgment.

In this case, one of Wesley's convictions was for one count of sexual assault of a child, an offense found in Section 22.021 of the Texas Penal Code, however, the nunc pro tunc judgment of conviction refers to Section 21.11, the statute for indecency with a child, as the "Statute for Offense." *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021. Therefore, so that the nunc pro tunc judgment reflects conviction under the correct statute, we modify the nunc pro tunc judgment for sexual assault of a child by replacing Section 21.11 with Section 22.021.

As modified, the trial court's judgments are affirmed.

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 30, 2021
Date Decided:      December 16, 2021

Do Not Publish