

# NUMBER 13-12-00472-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**SHARON A. RYMAS,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

---

## On appeal from the County Court at Law No. 3 of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria**
**Memorandum Opinion by Justice Rodriguez**

Appellant Sharon A. Rymas appeals from her conviction for interference with public duties, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 38.15 (West 2011). A jury found Rymas guilty, and the trial court sentenced her to 180 days in jail, suspended

her sentence, placed her on community supervision for one year, and imposed a fine of $100. The jury acquitted Rymas on a second count, possession of marijuana in an amount of two ounces or less. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010).

Rymas filed a pro se motion and an amended motion for new trial and motion for judgment notwithstanding the verdict, alleging ineffective assistance of counsel and claiming that the verdict was contrary to the law and the evidence. Rymas appeared pro se at the motion-for-new-trial hearing, and the trial court appointed an attorney to be present and to assist Rymas if needed. The trial court denied Rymas's motion for new trial by written order, and Rymas filed a timely pro se notice of appeal. The trial court appointed counsel to represent Rymas in this appeal.

Determining that there are no meritorious claims for appeal, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court as modified.

## I. Compliance with *Anders*

Pursuant to *Anders v. California,* Rymas's counsel filed a brief stating that, after a review of the record, he found no meritorious issues to bring forward for review. *See* 386 U.S. 738, 744–45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the

2

facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Rymas's appellate counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error and, in his opinion, there is no error which would require a new trial. Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the motion to withdraw and supporting brief on Rymas, (3) providing Rymas with a copy of the record, and (4) informing Rymas of her right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Rymas filed a pro se response alleging the following: (1) she was denied her right to obtain witnesses in her favor; (2) she was tried without the authority of a properly served information; (3) she was denied the right to a speedy trial; (4) she was denied her right to due course of law and due process of law; (5) the verdict is contradicted by the law and evidence; and (6) her trial counsel and her appellate counsel provided ineffective assistance.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's motion to withdraw and supporting brief, and Rymas's pro se response, and we have found nothing that would arguably support an appeal.[2] *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

The only errors in the record are what appear to be typographical errors in the judgment. The trial court's judgment incorrectly describes the misdemeanor offense in this case as "interfere w/emergency" and Rymas's punishment as 180 "years" in the Nueces County Jail. The record shows, however, that Rymas was charged and convicted for interference with public duties and that the trial court assessed punishment

---

[2] Although appellant's attempt at a direct appeal has been unsuccessful, she is not without a potential remedy. Challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001); *Ex parte Torres*, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997). An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); *see Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("This Court has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus."); *see also Ex parte Miller*, 330 S.W.3d 610, 623 (Tex. Crim. App. 2009) ("To obtain relief in the form of a new direct appeal on a claim of ineffective assistance of appellate counsel, applicant must show that '(1) counsel's decision not to raise a particular point of error was objectively unreasonable, and (2) there is a reasonable probability that, but for counsel's failure to raise that particular issue, he would have prevailed on appeal.'") (internal citations omitted); *Ex parte Santana*, 227 S.W.3d 700, 704–05 (Tex. Crim. App. 2007).

at 180 days in the Nueces County Jail. The Texas Rules of Appellate Procedure allow this Court to modify judgments sua sponte to correct typographical errors and make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). We therefore modify the judgment to reflect the correct offense and punishment. We affirm the judgment of the trial court as modified.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw carried with the case on April 9, 2013. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Rymas and to advise Rymas of her right to pursue a petition for review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte*

---

[3] No substitute counsel will be appointed. Should appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.

*Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2013.